**BANKERS SECURITY LIFE INSURANCE SOCIETY, Plaintiff,**

v.

**Judith S. KANE, et al., Defendants.**

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**Judith S. KANE/KATZ, et al., Defendants.**

**Nos. 87–2263–Civ., 88–0678–Civ.**

United States District Court, S.D. Florida.

Aug. 11, 1988.

Alan Fein, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, Fla., for plaintiff Bankers.

Cecilia Aulick, Wicker, Smith, Blomquist, Tutan, O'Hare, McCoy, Graham & Lane, P.A., Miami, Fla., for plaintiff Prudential.

David C. Pollack, Strook Strook & Lavan, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER AWARDING ATTORNEYS' FEES AND COSTS

HASTINGS, District Judge.

THIS MATTER came to be heard upon Defendant, Judith S. Kane's (hereinafter referred to as "Kane") motion to award attorneys' fees and costs.[1] Kane asserts her entitlement to fees pursuant to Fla. Stat. Section 627.428. Neither of the Plaintiffs, Bankers Security Life Insurance Company (hereinafter referred to as "Bankers") or Prudential Insurance Company of America (hereinafter referred to as "Prudential") disputes the statutory basis for an award. Rather, Plaintiffs challenge the amount or the distribution of Kane's fee request. Each of Plaintiffs' contentions are dealt with separately.[2]

**1.** On June 27, 1988, this Court issued its memorandum opinion and order granting Defendant's motions to dismiss with prejudice. 689 F.Supp. 1164. In that order, this Court reserved jurisdiction for the sole purpose of entertaining a motion regarding an award of fees and costs. Two points should be made concerning the previous order. The first is merely procedural. When the Prudential matter was transferred to this Court, the cases were consolidated for purposes of disposition. All parties have, in some submissions, incorrectly captioned their pleadings. Failure to list both case names and numbers could result in the misdocketing or misfiling of a pleading. As an example, Prudential and Defendants submitted a stipulation for extension of time to serve a reply in support of Defendants' motion to dismiss. That motion was not only incorrectly captioned referencing only the Prudential case, but was also directed to Judge Thomas E. Scott, who is no longer the presiding judge over this matter. As a result of these errors, the motion, dated June 1, 1988, was routed to this chambers only after a search of the case number was conducted by the court's docketing section. Since that motion came to this Court's attention only recently, but remains pending, it is GRANTED, *nunc pro tunc*. Henceforth, the parties are informed that their pleadings, if any, should conform to the style utilized by the Court.

Defendant also expresses a concern that Fla. Stat. Section 627.428 requires this Court to enter "a separate final judgment or decree which dismisses the Bankers and Prudential actions with prejudice and awards Kane attorneys' fees and costs." Defendant's concern is unwarranted because for all intents and purposes, this Court's previous order was a "final judgment or decree" in that the claims were dismissed with prejudice. This order, which will award certain attorneys' fees and costs merely supplements the previous judgment. However, to allay Defendant's concern, the Court, for purposes of execution if necessary, is issuing with this opinion and order a separate final judgment awarding fees and costs and reaffirming the dismissal with prejudice.

**2.** Despite both Plaintiffs' blatant disregard for this Court's previous order that their responses be served by hand and not by mail because of the expedited nature of this proceeding, this Court will not summarily reject Plaintiffs' arguments regarding the fee and cost award as it could, but rather, in its discretion, will address their merits.

## I. *Bankers' Contentions*

■ Bankers does not challenge the reasonableness of the total fee request. Rather, Bankers contends that the allocation of attorneys' fees between itself and Prudential should be evenly divided. This request is prompted by the fact that Kane seeks attorneys' fees and costs against Bankers in the amount of $29,810.15, but only $6,261.36 against Prudential. Bankers argues that because Prudential's complaint, the underlying provisions in the insurance policies and the legal arguments advanced by both Bankers and Prudential were almost identical, that is is unfair to penalize Bankers because it filed its complaint a few months before Prudential.

While Bankers' argument has some superficial appeal, it cannot withstand analysis. Bankers' argument ignores the obvious fact that it and it alone determined to file its lawsuit. Had there been no Prudential lawsuit, Kane would still have incurred the fees and costs which her counsel attribute to responding to Bankers' complaint. Bankers cannot rely upon the fortuitous fact that another insurance company later determined to follow in its litigious footsteps. To shift the burden to Prudential, the latecomer, might seem equitable from Bankers' perspective. This Court, however, is also concerned with the equities emanating from the Defendant's perspective of having to defend against any complaint whatsoever. Indeed, both Bankers and Prudential could have avoided any fee award had they brought their respective actions pursuant to Fla.Stat. Section 627.428(2) which disallows such an award if an action is commenced within sixty (60) days of the date in which Defendant filed her claims. Accordingly, Bankers' request that the fees between itself and Prudential be reallocated is rejected.

## II. *Prudential's Contentions* [3]

Although the claim for attorneys' fees against Prudential is much less than that against Bankers, Prudential attacks the request for costs and fees on the basis that it contains improper, impermissible or inflated charges. In particular, Prudential contends that the Kane billing summaries disclose nonchargeable "office conferences," highly inflated hourly attorney and paralegal rates and costs which it deems inappropriate, including "xeroxing charges, postal charges, courier service, dinners, secretarial overtime and message services." Based upon its affidavit of reasonable attorneys' fees, Prudential contends that a reasonable fee, in the Prudential matter, would be between $2,500 and $3,000.

## III. *Reasonableness of Fees and Costs in Both Actions*

Notwithstanding Bankers' failure to object to the reasonableness of fees, this Court must determine, in its discretion, what is a reasonable attorneys' fee in both matters. Defendant's counsel contends that Plaintiffs have no basis for objection because defense counsel established, in two separate cases, Kane's entitlement to collect $1.5 million dollars in insurance proceeds by incurring only $33,000 in fees. Defense counsel also points out that had this case been taken on a contingent fee basis rather than on at an hourly rate, Plaintiffs' liability would have been much greater. Viewed in this light, defense counsel contends that the fee request is eminently reasonable.

Taking the last argument first, there can be no doubt that had Kane and her attorneys agreed to a contingent fee arrangement, Plaintiffs' liability would have been, and justifiably so, much greater. However, defense counsel did not take this case on a contingent fee arrangement—an arrangement in which a lawyer assumes a partial risk of nonrecovery as opposed to the guarantee of an obligation that is created by an hourly fee contract. Because defense counsel here refused to take the

---

**3.** Prudential filed a request for an evidentiary hearing on the matter of attorneys' fees and costs. As the written submissions are sufficient for this Court to determine the merits, the request for a hearing is DENIED. *See Campbell v.*

*Green,* 112 F.2d 143, 144 (5th Cir.1940) ("the court, ... is itself an expert ... and may consider its own knowledge and experience concerning reasonable and proper fees ... with or without the aid of witnesses as to value.").

risk of loss that a contingency arrangement would have entailed, but rather opted for the safe harbor of an hourly fee contract, it cannot now be heard to compare what its fee might have been if only it had opted for the contingency route.

As for defense counsel's first argument, while this Court may weigh as one factor the recovery obtained in proportion to the total fee charged, that factor alone cannot justify the reasonableness of an attorneys' fee award. This Court must also examine the component charges which comprise the requests for fees and costs, the work product of the attorneys, the amount of hours spent in producing the work product and what the Court, in its experience and discretion, believes that a reasonable charge for this work would be in this legal community.[4]

The factors which this Court must consider and the manner in which a reasonable fee should be calculated has recently been thoroughly discussed by this circuit's Court of Appeals. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir.1988). Indeed, although this case was available to all counsel to this action, none has cited it. Similarly, the parties have only barely adhered to *Norman's* well-articulated procedures for either justifying or rebutting a reasonable fee award. Fortunately, as a result of the limited nature of this litigation and the hourly billing reports submitted by defense counsel, this Court has been provided with enough evidentiary material upon which to ascertain a fair and equitable fee and cost award.

In brief, the *Norman* court applied the United State Supreme Court's most recent pronouncement regarding the measurement of attorneys' fees and "elected the lodestar approach because it produces a more objective estimate and ought to be a better assurance of more even results." *Norman*, 834 F.2d at 1299. To determine the lodestar, the Court, considering a variety of factors, must first establish a reasonable hourly rate, *Norman*, 836 F.2d at 1299–1301, and multiply that rate by hours reasonably expended on the matter. *Norman*, 836 F.2d at 1301–1302. If appropriate, the lodestar can be adjusted to account for extraordinary circumstances. *Norman*, 836 F.2d at 1302.

■ With these principles in mind, the Court turns to the petition at hand and observes the following. Here, there can be no denying that the case presented a novel question of law. However, simply because the case may be one of first impression does not necessarily entail that the issue presented is difficult. In this matter, the litigants were faced with arguing a single issue of law which was fairly straightforward. While defense counsel's various motions to dismiss certainly identified the issue for resolution, nevertheless, in both cases, defense counsel failed to fully distinguish the relevant case law or to completely develop the possible arguments against such a cause of action. For example, it was this Court's own research, not defense counsel's, which revealed that the legislative history of the witness protection program supported Defendant's position. Moreover, defense counsel failed to recognize that the cases cited by Plaintiffs were different from the facts presented here because in those cases, there was a direct link between the alleged misrepresentations and the risk of loss.[5] Accordingly, the

---

4. In certain respects, Kane's contentions that Prudential's challenge to the reasonableness of fees "picks nits" in light of the relatively small amount requested in relation to the fee sought against Bankers and the obvious fact that here, two life insurance companies refused to pay death benefits to a widow and then sued her, are of some merit. However, this Court must determine from *all* the material presented to it which fees and costs are reasonable. So too, contrary to another of Kane's arguments, simply because counsel for Bankers apparently acquiesces in the total amount requested when it

is faced with more liability may be ironic, but it is of no legal significance.

5. In this respect, Kane's counsel's argument that "office conferences" reflect a "team" approach to litigation which produce helpful litigation strategy and tactics appears not to have been vindicated in this instance. However, this Court has not summarily rejected fees for such conferences *per se,* but instead has examined each entry to determine whether it was duplicative or too lengthy.

hours defense counsel claims for legal research, conferences and revisions to pleadings have been reduced.

■ Similarly, Kane's opposition to the motion to transfer was unsuccessful. Defendant's time could have been better spent by moving immediately for transfer and consolidation and requesting that this Court, pursuant to Fed.R.Civ.P. 57, expedite this proceeding. In any event, as *Norman* holds, this Court *must* deduct time spent on unsuccessful claims. *Norman*, 836 F.2d at 1302.

In setting the appropriate hourly charge, the Court disagrees with Prudential that the billing rate for partners in this district ranges from $150–175 per hour and that for associates, the average billing rate is $65–90. Fees range on a much broader scale depending on the quality of the attorney, the reputation of the firm and the complexity of the legal matter. Indeed, as the *Norman* court states, where, as here, if a firm is primarily engaged in insurance defense, "billing rates for this kind of work seem almost universally below the average." *Norman*, 836 F.2d at 1305. However, this Court does agree that the hourly rates listed by defense counsel, especially its associates' 1988 hourly rates, are inordinately and, in light of the facts, unjustifiably high.

Above all, it should not be forgotten that in this case, the matter was disposed upon motions to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. Accordingly, only a limited number of pleadings were, of necessity, filed. To award fees and costs in excess of $33,000 in these cases based upon the number of pleadings, especially in view of the fact that the pleadings in many respects were duplicative and addressed but a single legal issue, is inherently unjustified. Therefore, there is no need to adjust the lodestar.

This Court has conducted a detailed analysis of all the material submitted by defense counsel in support of its requests for fees and costs in both cases. Upon a review of all this material, this Court determines that a reasonable rate in both cases for a paralegal is $50.00 an hour; a reason-

able rate to be applied to all the associates who worked on this matter equals $120.00 an hour; and that the reasonable rate for a partner's work on this matter is $200.00 an hour.

A review of the timesheets reveals a total hourly submission for the Bankers' case as 149.70 hours with 36.50 hours attributed to partners' time; 110.8 hours attributed to associates work, and 2.4 hours allowed for a paralegal. This Court determines that for the Bankers matter, the reasonable hours expended equaled 18.6 hours for partners' time, 64 hours for associates work and the 2.4 hours for the paralegal. When multiplied by the previously determined reasonable hourly rates, the total reasonable fee award equals $11,520.00 ($3,700.00 for partners; $7,680.00 for associates; and $120.00 for paralegals).

For the Prudential matter, the hours reasonably expended should have included only 3 hours for a paralegal; 4 hours for the partner; and 25 hours for the associate, basically, as stated above, as a result of the duplication of arguments contained in the pleadings. To permit anything more would promote lawyerly inefficiency. Thus, when multiplied by the previously determined reasonable hourly rates, the total reasonable fee award in Prudential equals $3,950.00 ($800.00 for partner time; $3,000.00 for associates time; and $150.00 for the paralegal).

■ This Court also finds objectionable some of the costs sought by Kane's attorneys. While unlike Prudential, this Court considers postage, duplicating charges and courier services to be recoverable costs, this Court agrees that separate charges for word processing and secretarial overtime are inappropriate. As to the overtime costs, Defendant has in no way demonstrated why its pleadings necessitated defense counsel's support staff to stay past its normal working hours. However, more egregious are the charges for word processing. Such charges, despite any firm's billing practice with its clients, should be considered as part of an attorney's overhead and thus subsumed in the attorneys' fee. While this Court recognizes that a

few firms in this district have taken to the practice of "breaking out" such charges for billing purposes, it is a practice which this Court cannot condone.

In the Bankers' case, total costs submitted by defense counsel equal $538.15. Excluding the aforementioned improper cost charges, the total allowed costs are $308.00. Accordingly, the fee and cost award against Bankers is $11,828.00.

The total costs submitted by defense counsel in the Prudential case equalled $182.19. Again, excluding the previously discussed inappropriate cost charges, the allowed costs total $137.19 permitting a fee and cost award against Prudential of $4,087.19.

Each Plaintiff shall bear the liability of these reasonable fees and costs in their respective cases. This Court's order does not preclude Defendant from seeking a further award of fees and costs incurred as the result of an appeal.