An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WACKENHUT OF NEVADA, INC.,
Appellant,
vs.
MICHAEL SMITH, ADMINISTRATOR
FOR THE ESTATE OF MICHAEL
BORN, DECEASED; PETER BORN;
STEFAN BORN; SUSAN PRESTON, ON
BEHALF OF THE MINOR CHILD,
MATHIAS BORN; AND WAL-MART
STORES, INC.,
Respondents.

No. 58779

**FILED**

JUL 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court's entry of judgment following a jury trial and a post-trial order denying a motion for a new trial. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Of the issues on appeal, one warrants discussion: whether the district court abused its discretion in denying appellant Wackenhut of Nevada's motion for a new trial, wherein Wackenhut presented various alleged acts of attorney misconduct. *See* NRCP 59(a)(2) (permitting a new trial when a party is prejudiced by a prevailing party's misconduct). In resolving this issue, we look to *Lioce v. Cohen*, which sets forth specific standards for reviewing particular categories of misconduct. 124 Nev. 1, 14, 17-20, 24-25, 174 P.3d 970, 978, 981-82, 985 (2008).

In its original order, the district court denied Wackenhut's motion for a new trial without setting forth specific findings under *Lioce*'s standards for evaluating attorney misconduct. As a result, we were unable to assess whether the district court abused its discretion. *See*

14-23410

*Lioce*, 124 Nev. at 19-20, 174 P.3d at 982 (requiring that the district court make explicit findings about attorney misconduct under the specific standards set forth within *Lioce* so as to enable appellate review). Consequently, we ordered a limited remand for the district court to make specific findings about the alleged attorney misconduct in an amended order. In issuing an amended order that comported with *Lioce*'s requirements for specific findings, the district court again denied Wackenhut's motion for a new trial.

Based on our de novo review of the alleged acts of misconduct, we conclude that the district court's inaccurate categorization of a disparaging remark under the *Lioce* categories and subsequent evaluation of that misconduct under the wrong *Lioce* standard was an abuse of discretion. *See Lioce*, 124 Nev. at 20, 174 P.3d at 982 (providing that a denial of a motion for a new trial is reviewed for abuse of discretion and whether an act constitutes misconduct is reviewed de novo); *Bergmann v. Boyce*, 109 Nev. 670, 676-77, 856 P.2d 560, 564 (1993) (concluding that a district court abused its discretion in misapplying the law). But we further conclude that the abuse was harmless error. *See* NRCP 61 (providing that a defect in a proceeding only requires reversal if it affects a party's substantial rights); *Wyeth v. Rowatt*, 126 Nev. ___, ___, 244 P.3d 765, 778 (2010) (stating that the party who alleged prejudicial error "must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached").

The inaccurate categorization relates to when counsel for the plaintiffs examined a witness and stated, "Judge, . . . I think there may be some coaching the witness while I'm asking him questions." In a verbal motion for mistrial, Wal-Mart objected to the statement. With respect to

SUPREME COURT
OF
NEVADA

(O) 1947A

this act of misconduct, Wal-Mart's challenge of the statement served the purpose of an objection for a *Lioce* analysis, as it invited the district court to remedy the effect of the coaching statement. *See Ringle v. Bruton*, 120 Nev. 82, 94-95, 86 P.3d 1032, 1040 (2004) (providing that an objection's purposes include indicating that a party takes exception to an act of misconduct and conserving "judicial resources" by giving the district court a chance "to correct any potential prejudice and to avoid a retrial"). The district court denied the motion and admonished the jury that no coaching occurred.

The coaching statement was an act of misconduct. It was an unfounded allegation that disparaged opposing counsel by implying that the testimony was being tainted by whoever allegedly coached the witness. *See Butler v. State*, 120 Nev. 879, 897-99, 102 P.3d 71, 84-85 (2004) (concluding, albeit in a criminal matter, that the prosecutor improperly disparaged the defense counsel when suggesting, in front of the jury, that defense counsel was being deceptive in presenting the case).

But despite the act of misconduct being raised in a verbal motion for mistrial to the district court, which admonished the act, the district court's amended order categorized the act as unobjected-to misconduct. As a result, the district court applied to this misconduct the wrong standard in *Lioce*—the plain error standard. Although the district court applied the wrong legal standard to this act of misconduct, we conclude that doing so was harmless error. The district court expressly admonished the jury that no coaching occurred, and we presume that the jury followed the district court's instructions. *W. Techs., Inc. v. All-Am. Golf Ctr., Inc.*, 122 Nev. 869, 875, 139 P.3d 858, 862 (2006).

Inasmuch as Wackenhut argues that there was an abuse of discretion as to the other alleged acts of misconduct on which it premised its motion, we are unable to conclude that a new trial is warranted. The record and Wackenhut's presentation of those purported abuses do not indicate an effect on the proceedings that would be beyond harmless error. Therefore, there was no need for a new trial. *See* NRCP 61.

Accordingly, after having carefully reviewed the remaining contentions on appeal and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Mark R. Denton, District Judge
Craig A. Hoppe, Settlement Judge
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Hutchison & Steffen, LLC
Mont E. Tanner
Phillips, Spallas & Angstadt, LLC
Eighth District Court Clerk