# IN THE SUPREME COURT OF THE STATE OF NEVADA

MONICA JONES,
Appellant,
vs.
CAL-WESTERN RECONVEYANCE
CORPORATION; WELLS FARGO
MASTER SERVICING; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; WELLS FARGO BANK,
N.A.; AMERICAN HOME MORTGAGE
SERVICING, INC.; AND U.S. BANK
NATIONAL ASSOCIATION, AS TRUSTEE
FOR TBW MORTGAGE-BACKED TRUST
MORTGAGE PASS THROUGH
CERTIFICATES SERIES 2006-3,
Respondents.

No. 68470

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order, certified as final under NRCP 54(b), granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant contends that the district court erred by denying her "Opposition and Counter Motion without stating a reason" for the denial. Having considered appellant's appeal statement and the record, we perceive no reversible error in the district court's decision to dismiss Wells Fargo Master Servicing, Mortgage Electronic Registration Systems, Wells Fargo Bank, and American Home Mortgage Servicing from the underlying action, as appellant acknowledged that she was not seeking any relief against those entities even though those entities were named as

16-11876

defendants in appellant's second amended complaint.[1]    We likewise perceive no reversible error in the district court's refusal to impose sanctions or hold any attorneys in contempt because, among other reasons, the district court was within its discretion in determining that the complained-of conduct did not warrant sanctions or a contempt order. *See In re Water Rights of the Humboldt River*, 118 Nev. 901, 907, 59 P.3d 1226, 1230 (2002); *Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993).   Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____ , J.
Douglas

_____ , J.          _____ J.
Cherry                                                        Gibbons

cc:    Hon. William D. Kephart, District Judge
       Monica Jones
       Wright, Finlay & Zak, LLP/Las Vegas
       Eighth District Court Clerk

---

[1]Because those entities were named as defendants, the district court had jurisdiction to rule on their motion to dismiss, which was brought under NRCP 12(b)(5). *See Fritz Hansen A/S v. Eighth Judicial Dist. Court*, 116 Nev. 650, 656-57, 6 P.3d 982, 986 (2000) (recognizing that lack of service of process does not deprive the district court of jurisdiction over a defendant when the defendant chooses not to raise that defense).

[2]We have considered appellant's remaining arguments and conclude that they do not warrant reversal of the appealed order.