# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL FOLEY,
Appellant,
vs.
PATRICIA FOLEY,
Respondent.

No. 69997

**FILED**

DEC 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING*

This is an appeal from a district court order affirming a special master's recommendations to deny appellant's request to modify his child support obligation and find him in contempt for nonpayment of support in a child support enforcement matter. Eighth Judicial District Court, Clark County; Rebecca Burton, Judge.

In 2012, Michael Foley and Patricia Foley divorced, and the district court ordered Michael to pay child support for their three minor children. Michael failed to pay, and he was subject to an enforcement action assigned to a special master. From 2012 through 2015, Michael was the subject of several civil contempt orders—and incarcerated four times—for his failure to pay child support. Michael frequently failed to attend the contempt proceedings, and each contempt order during that time was entered pursuant to NRS 425.3844(3)(a), allowing judgment to be entered on a special master's recommendation where there is no objection to the recommendation within 10 days.

18-909926

On November 12, 2015, Michael was arrested pursuant to a civil contempt order and bench warrant after failing to pay child support. During an in-custody hearing four days later, Michael disputed his child support obligation of $833 per month, stating that he possessed only $119. The master refused to modify Michael's support obligation, recommended a purge amount of $2,000 for the contempt, and imposed a sentence of ten days incarceration. While serving this sentence, Michael filed two objections to the recommendation, arguing that the master failed to make a finding that he had the ability to pay the purge amount before ordering his imprisonment for contempt, and the court was constitutionally required to appoint counsel under these circumstances.

The State filed an opposition, arguing that Michael's willful underemployment and lack of evidence demonstrating his indigence were sufficient for the master to find Michael in contempt. The State further noted that the monthly support obligation was calculated based on Michael's own representations in his December 2014 response to the State's motion to modify support, and Michael had failed to file a motion to reduce his child support based on changed circumstances. The State asserted that Michael's in forma pauperis status had no bearing on whether he has an ability to pay an established child support obligation, as applying for indigence status for document filing purposes is an ex parte proceeding that may be granted based on the applicant's affidavit regarding means to prosecute or defend an action, and without an evidentiary hearing. On February 22, 2016, the district court entered an order affirming the master's recommendation, explicitly adopting the points and authorities in the State's opposition and stating generally that Michael, "ha[d] the ability to pay and there is an indication of possible willful underemployment."

*The district court appropriately affirmed the special master's refusal to modify Michael's child support obligation*

Michael argues that the district court erroneously affirmed the special master's refusal to modify his child support obligation. We disagree.

Once a court has established an obligation for support, a parent can file a request for review and modification by a district court based on changed circumstances. *See* NRS 125B.080(3); NRS 125B.145(1); *Rivero v. Rivero*, 125 Nev. 410, 431, 216 P.3d 213, 228 (2009). Here, Michael only made an oral objection to his child support obligation during his in-custody contempt hearing with the special master in the context of support enforcement proceedings. Because child support modification requests must be made by proper motion to the district court, upon which a factual record may be made regarding any changed circumstances, we conclude that the district court properly affirmed the special master's refusal in this regard. *See Rivero*, 125 Nev. at 431, 216 P.3d at 228 (reviewing a district court's decision resolving a motion to modify child support for abuse of discretion). Accordingly, we affirm the district court's order as it pertains to Michael's request to modify his child support obligation.

*The district court contempt proceedings did not comport with due process requirements*

Michael challenges the February 2016, order, arguing that the district court proceedings failed to comport with due process requirements because the district court imposed a term of incarceration for contempt without first determining that he was able to pay the purge amount.[1] We agree.

---

[1]Michael also argues that the earlier contempt orders should be vacated for various reasons. However, because Michael failed to timely object to the master's recommendations on which the contempt orders were

We review an order of contempt for an abuse of discretion. *Lewis v. Lewis*, 132 Nev. 453, 456, 373 P.3d 878, 880 (2016). An abuse of discretion occurs when the district court bases its decision on a clearly erroneous factual determination, *NOLM, LLC v. Cty. of Clark*, 120 Nev. 736, 739, 100 P.3d 658, 660-61 (2004), or disregards controlling law, *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993).

District courts maintain contempt power to address "[d]isobedience or resistance to any lawful writ, order, rule or process issued by the court or judge at chambers." NRS 22.010(3). Contempt proceedings may be criminal or civil in nature. *Lewis*, 132 Nev. at 457, 373 P.3d at 880. A civil contempt action is remedial in nature because it is meant to secure compliance with the court order. *Id.*; *see also* NRS 22.110. However, "consistent with due process, a party cannot be found guilty of failing to pay child support and sentenced to jail conditional upon his payment of arrearages unless the trial court first determines that the individual (1) has the ability to make the payment and (2) willfully refuses to pay." *Rodriguez v. Eighth Judicial Dist. Court*, 120 Nev. 798, 809, 102 P.3d 41, 49 (2004).

In *Rodriguez*, we examined whether a district court appropriately set the purge amount for the defendant's release from a 25-

---

entered, those earlier orders are not properly considered within the context of this appeal, and we, therefore, will not consider his arguments as to those orders. *See* NRS 425.3844(2) (providing that "[w]ithin 10 days after receipt of the recommendation, any party may file with the district court and serve upon the other parties a notice of objection to the recommendation"). Indeed, Michael challenged one of those orders in an earlier writ petition before this court and we denied that petition based on Michael's failure to "demonstrate that he timely objected to the master's recommendation to hold him in contempt." *See Foley v. Gillespie*, Docket No. 64351 (Order denying Petition for Extraordinary Writ Relief, May 14, 2014).

day jail sentence for civil contempt. *Id.* at 814, 102 P.3d at 51-52. The district court directed Rodriguez to pay $10,000 in order to secure his release from his sentence but did not indicate why it set the purge amount at that level. *Id.* at 814, 102 P.3d at 51. This court ordered a temporary stay on his incarceration pending consideration of his writ petition, *id.* at 804, 102 P.3d at 45, and ultimately granted the petition in part with instruction to the district court "to make specific findings concerning Rodriguez's indigency, to hold a further hearing if necessary, and thereafter to determine whether Rodriguez is in contempt of court, the penalty for such contempt, and the amount that will be necessary to purge that contempt," *id.* at 814, 102 P.3d at 52.

Here, in regard to the district court's February 22 order, despite Michael's statement that he possessed only $119, the special master recommended a purge amount of $2,000 and imposed ten days' incarceration. After Michael timely objected, the district court affirmed, finding generally that Michael "ha[d] the ability to pay and there is an indication of possible willful underemployment." As in *Rodriguez*, the district court failed to make specific findings regarding Michael's present ability to pay the purge amount. Therefore, the district court deprived Foley of his due process rights by affirming the special master's recommendation of civil contempt without specific findings of his ability to pay the $2,000 purge amount. Accordingly, we

ORDER the February 22, 2016, order AFFIRMED IN PART AND VACATED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

---

[2]Michael further argues that (1) the district court erred by incarcerating him while he awaited in-custody hearings, (2) due process should compel counsel for child support contempt proceedings where the obligor is indigent, (3) "[p]unishment is [n]o [l]onger an [a]ppropriate [b]asis for [i]mposing [c]ivil contempt" for inability to pay child support, and (4) on remand, the matter should be reassigned from Master Sylvia Teuton. As to his first argument, given Michael's failure to appear at multiple hearings prior to the issuance of the bench warrants, his arrest was necessary to secure his personal attendance. *See* NRS 22.140. Second, Michael offers no compelling reason as to why this court should depart from established precedent and find a categorical right to counsel in every civil contempt proceeding where the contemnor is indigent. *See, e.g., Turner v. Rogers*, 564 U.S. 431, 448 (2011) ("[T]he Due Process Clause does not automatically require the provision of counsel at civil contempt proceedings to an indigent individual who is subject to a child support order, even if that individual faces incarceration . . . ." (emphasis omitted)). Third, while we agree that "punishment may not be imposed in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order," *Hicks v. Feiock*, 485 U.S. 624, 638 n.9 (1988), it has not been established whether Michael is unable to comply and the lack of specific findings in this regard will be addressed on remand. Fourth and finally, we decline to consider Michael's argument regarding Master Teuton, as he did not file a motion to disqualify below, and such requests typically implicate factual issues that should be presented to the district court in the first instance.

cc: Hon. Rebecca Burton, District Judge
Lewis & Roca, LLP
Patricia Foley
American Civil Liberties Union of Nevada
Clark County District Attorney's Office
Greenberg Traurig, LLP
National Coalition for a Civil Right to Counsel
Barbara Buckley
Snell & Wilmer
Anne R. Traum
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A