## IN THE SUPREME COURT OF THE STATE OF NEVADA

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY; ALLSTATE INDEMNITY COMPANY; ALLSTATE INSURANCE COMPANY; ALLSTATE TEXAS LLOYD'S; ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; AUTO CLUB INDEMNITY COMPANY; CALIFORNIA AUTOMOBILE INSURANCE COMPANY; CALIFORNIA CAPITAL INSURANCE COMPANY; CSAA AFFINITY INSURANCE COMPANY, F/K/A KEYSTONE INSURANCE COMPANY; CSAA FIRE & CASUALTY INSURANCE COMPANY, F/K/A ACA INSURANCE COMPANY; CSAA INSURANCE EXCHANGE, F/K/A AAA NORTHERN CALIFORNIA NEVADA UTAH INSURANCE EXCHANGE; ERIE INSURANCE COMPANY; ERIE INSURANCE EXCHANGE; GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICA; INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB; LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL FIRE INSURANCE COMPANY; LM INSURANCE CORPORATION; MERCURY CASUALTY COMPANY; OHIO SECURITY INSURANCE COMPANY; SAFECO INSURANCE COMPANY OF AMERICA; SAFECO INSURANCE COMPANY OF ILLINOIS; THE CINCINNATI INSURANCE COMPANY; UNITED SERVICES AUTOMOBILE ASSOCIATION; USAA CASUALTY

No. 77653

FILED

MAY 29 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

20-20296

INSURANCE COMPANY; USAA
GENERAL INDEMNITY COMPANY;
WESTFIELD INSURANCE COMPANY;
AND WESTFIELD NATIONAL
INSURANCE COMPANY,
Appellants,
vs.
LSP PRODUCTS GROUP, INC.,
Respondent.

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss for forum non conveniens. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellants (collectively Allstate) are a group of insurance underwriters that issue policies covering real and personal property. Allstate sued respondent LSP Products Group, Inc., (LSP) for strict products liability, negligence, and breach of warranty, alleging that defective water supply line products caused property damage to its insureds in 24 states. None of the property damage occurred in Nevada, but because LSP is incorporated in Nevada, Allstate sued in the First Judicial District Court in Carson City.

LSP moved to dismiss for forum non conveniens, which the district court granted "on condition that [LSP] waive any jurisdiction, statute of limitations, and forum non conveniens arguments, as to the claims asserted in [Allstate's] Complaint in this case, so long as [Allstate] promptly file[s] new lawsuits in the states where the harm allegedly occurred."

Allstate moved to alter or amend the judgment, arguing that the district court's order limited its ability to refile in courts having general

personal jurisdiction of LSP—namely, in Dallas County, Texas, LSP's principal place of business. The district court granted the motion in part and amended its order to clarify that "[t]his order does not preclude [Allstate] from filing in a jurisdiction where no harm allegedly occurred, but [LSP] is not required by this order to waive any defense or argument to any claim(s) filed in such no-harm state."

On appeal, Allstate challenges the district court's refusal to extend the waiver provisions to claims refiled in jurisdictions where no harm allegedly occurred.[1] It acknowledges that the district court's amended order ensures that it can refile in courts having specific personal jurisdiction, but argues that the order nevertheless erroneously limits its ability to refile in courts having general jurisdiction. It thus argues that the district court abused its discretion by protecting some *but not all* adequate alternative fora. We disagree.

The district court's amended order required LSP to waive jurisdictional, statute-of-limitations, and forum-non-conveniens defenses and arguments in the 24 jurisdictions where the harm allegedly occurred. Allstate does not dispute that these 24 jurisdictions are adequate alternative fora. Instead, it seeks protection to refile its claims as one mass tort action in Dallas County, Texas, where LSP is subject to general jurisdiction. But Allstate fails to cite any legal authority that supports its proposition that the district court abused its discretion by failing to extend the waiver provisions under these circumstances.

---

[1]LSP's characterization of Allstate's appeal as moot is unpersuasive. Although the district court's amended order permits Allstate to refile in no-harm jurisdictions, it does not extend the waiver provisions to such claims, and the absence of a full extension of the waiver provisions is what Allstate challenges on appeal.

Under NRS 13.050(2)(c), a district court may change the venue of a proceeding "[w]hen the convenience of the witnesses and the ends of justice would be promoted by the change." Nothing in NRS 13.050(2)(c) requires the district court to impose conditions upon dismissal to ensure that a plaintiff can refile in any, let alone *all*, adequate alternative fora. Further, while we have held that "[a] district court has discretion to impose conditions on a forum non conveniens dismissal to ensure that the case may be heard in *an* alternative forum," *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 305, 350 P.3d 392, 399 (2015) (emphasis added), we have never held that a district court is required to ensure that a plaintiff's case may be heard in *all* adequate alternative fora.

Because neither statutory nor case law required the district court to extend the waiver provisions to claims refiled in courts of general jurisdiction, even if such courts were adequate alternative fora, we conclude that the district court did not abuse its discretion. *See id.* at 300, 350 P.3d at 395-96 ("We review a district court's order dismissing an action for forum non conveniens for an abuse of discretion."); *see also Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993) (explaining that a district court abuses its discretion when it clearly disregards guiding legal principles),

*superseded by statute on other grounds as stated in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017).

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:     Hon. James E. Wilson, District Judge
        David Wasick, Settlement Judge
        Law Offices of Robert A. Stutman, P.C.
        Allison MacKenzie, Ltd.
        Leverty & Associates Law, Chtd.
        Carson City Clerk