OPINION
 

 Per Curiam:
 

 In a case brought by the district attorney to enforce a Washington child support order in Nevada, the district court imposed NRCP 11 sanctions against the district attorney for failing to discontinue enforcement of the support order after the district court’s previous ruling that Washington had continuing exclusive jurisdiction to adjudicate the arrearage amount.
 

 The district attorney now contends that the NRCP 11 order is legally insufficient and that the district court misinterpreted existing law in concluding that NRCP 11 was violated. We conclude that the district court manifestly abused its discretion in imposing NRCP 11 sanctions against the district attorney, because it based the order of sanctions on an erroneous view of the law governing enforcement of out-of-state child support orders. We also conclude that the conduct of the district attorney in initiating and continuing the enforcement action was in conformity with NRS 125B.140(l)(a), NRS 130.015(1) and 42 U.S.C. § 666(a)(9).
 

 FACTS
 

 Bonnie G. Davis (“obligee”) and real party in interest Albert H. McKeel (“obligor”) were divorced pursuant to a Decree of Dissolution (“divorce decree” and “support order”) entered in Washington state, where obligee and obligor were residents. The decree ordered obligor to pay child support to obligee of $150 per month for each of their two minor children.
 

 Fifteen years later, in 1996, obligor moved from Washington to Nevada. Shortly thereafter, the Everett County, Washington, Office of Child Support Enforcement (“OCSE”) sent a child support enforcement transmittal to petitioner, the Washoe County District Attorney’s Office (“district attorney”). This transmittal requested that the Washington divorce decree be registered in Nevada “for enforcement only.” A copy of the divorce decree was included with the transmittal, as well as an affidavit of arrears signed by a representative of Washington OCSE. The affidavit included a monthly itemization from November 1981 to March 1996, showing an accumulation of $42,567 in child support arrears. From this $42,567, Washington OCSE deducted $11,425 as “lost to statute of limitations,” leaving an enforceable total of $30,992 in arrears.
 

 The obligor was personally served with a notice of intent to enforce child support, a copy of the divorce decree and the
 
 *632
 
 Washington OCSE affidavit of arrears. The obligor requested a hearing regarding arrearages and his duty of support, claiming that in 1982 or 1983, Washington OCSE stopped accepting his child support payments because the obligee had refused to give Washington OCSE her address or phone number. The obligor also claimed that the obligee informed him in 1986 or 1987 that he had lost all parental rights to one of the children, due to the child’s adoption by a step-parent.
 

 A hearing was conducted and a court master determined that one child had become emancipated and the other would be emancipated on July 1, 1997. The master recommended that obligor pay ongoing support of $150 per month for the remaining minor child, pursuant to the divorce decree. The arrears issue was not addressed in the court master’s recommendation, apparently because of the defenses asserted by the obligor. The obligor did not object to the recommendation, and the district court affirmed the recommendation on December 30, 1996. The ongoing support is not the subject of this petition.
 

 Washington OCSE again requested that the district attorney collect arrears that had allegedly accrued pursuant to the divorce decree. After settlement negotiations failed, a hearing was set to address the issue of collection of arrears. The notice of hearing stated that the purpose of the hearing was only for a “[fjinancial review to determine a payment on arrears,’ ’ and did not state that the amount of arrears would be adjudicated.
 

 At this hearing, the court master recommended that the district court conclude that Washington had continuing exclusive jurisdiction over the matter and that the obligor was “responsible for all child support and arrears payments due.” However, the court master stated that the issue of whether Nevada should adjudicate the actual amount of the arrears (including an adjudication of obligor’s defenses to those arrears) was under submission, to be briefed by the parties. On December 10, 1997, the district court adopted the court master’s findings and recommendations.
 

 The district attorney filed a brief requesting that the district court decline jurisdiction to determine the amount of arrears. The district attorney argued that the obligor could raise defenses only to the
 
 enforcement
 
 of the Washington support order, but not to the
 
 amount
 
 of arrears that may have accrued under that order, because Washington had continuing exclusive jurisdiction to make that determination. The district attorney argued that if the court determined that the obligor had a sufficient defense to enforcement of the child support order (as opposed to a defense to the amount of child support), the court should simply refuse to enforce the order but should not go further in making an adjudication as to the amount of arrears that had accrued under the order. Alternatively,
 
 *633
 
 the district attorney argued that the district court should decline jurisdiction to adjudicate the arrears amount under the doctrine of forum non conveniens, because everything associated with the case, except the obligor, was still located in Washington.
 

 The obligor filed a responsive brief, arguing that the district court did have jurisdiction to determine the amount of child support arrears, if any, that accrued under the Washington divorce decree. The obligor argued that Nevada courts could adjudicate the amount of arrears because the Nevada proceeding was only an enforcement action, not a modification action. The obligor argued that an adjudication by Nevada as to the amount of arrears would not amount to a “modification” under 28 U.S.C. § 1738B(b), which defined modification of a support order as a change that “affects the amount, scope, or duration of the order and modifies, replaces, supersedes, or otherwise is made subsequent to the child support order.’ ’ The obligor also argued that forum non conveniens should not be invoked because no factual showing in support of forum non conveniens had been made. One day prior to filing this brief, the obligor filed and registered the Washington divorce decree with the district court.
 

 After briefing was completed, the court master recommended that “justice would be better served by having the court in Washington determine the issues, and defenses raised by the [ojbligor, involving the child support arrearage amount.” The court master’s recommendation did not expressly state whether it was declining jurisdiction because of forum non conveniens or because it lacked jurisdiction due to Washington’s continuing exclusive jurisdiction. The court master recommended that enforcement of the arrears be stayed if the obligor pursued his defenses in the state of Washington. The court master further recommended that if the obligor failed to pursue his defenses in Washington in good faith, and report the same to the district court within two months, wage withholding for the arrears was to commence at the rate of $300 per month.
 

 The obligor filed an objection to the court master’s recommendations, arguing that if Nevada courts had no authority to adjudicate arrears then they had no authority to require him to assert his defenses in Washington. He argued that the initiation of an action in Washington regarding arrearages was the burden of the moving party, namely, the district attorney and the obligee. The obligor also argued that it was improper to order payment on arrears, when the alleged arrears had never been reduced to judgment by any court.
 

 The district court conducted a hearing on the obligor’s objections to the court master’s recommendations and adopted the recommendation that the district court did not have subject matter
 
 *634
 
 jurisdiction to adjudicate whether the obligor owed any child support arrearages. The district court rejected the recommendation that the obligor must pay the alleged arrearages unless he initiated an action in Washington to present his defenses. At the hearing, the district court denied the obligor’s oral motion for NRCP 11 sanctions against the district attorney, because the district attorney had not received adequate notice of the motion, but gave the obligor two weeks to file a written motion for NRCP 11 sanctions.
 

 The obligor thereafter filed a written motion for NRCP 11 sanctions, arguing that: (1) the district attorney had wrongfully commenced a proceeding in Nevada, rather than in Washington, to reduce the child support arrearages to judgment; (2) the action was frivolous under both Nevada and Washington law, because of the obligor’s “uncontroverted” defenses to the payment of arrearages; and (3) the district attorney had failed to concede that the court master’s recommendation ordering the obligor to initiate an action in Washington was erroneous.
 

 The district attorney responded to the motion for sanctions by arguing that the action was not wrongfully filed, because it was a legitimate attempt merely to
 
 enforce
 
 the valid Washington support order, unlike the obligor’s mischaracterization of the action as an attempt to reduce the arrearages to judgment. The district attorney emphasized that the obligor was the one who wanted the arrearage adjudicated in Nevada, and that it had been the district attorney’s position throughout the proceeding that Washington had continuing exclusive jurisdiction to adjudicate the arrears but that Nevada had jurisdiction to enforce the arrears. The district attorney argued that the action was filed within the scope of the Uniform Interstate Family Support Act (NRS 130.0902 to 130.802, inclusive), which recognizes that a state without continuing exclusive jurisdiction may enforce the orders of the state that has continuing exclusive jurisdiction. The district attorney also argued that the existence of the obligor’s defenses did not make the action frivolous, but merely made it contested. Finally, the district attorney argued that NRCP 11 imposes no affirmative obligation to concede an erroneous court master’s recommendation.
 

 The district court entered a written order (“NRCP 11 order”) imposing NRCP 11 sanctions against the district attorney on June 9, 1999. The district court accepted the obligor’s argument that the enforcement of arrears should have been discontinued after the district court ruled eighteen months previously that Washington had continuing exclusive jurisdiction over the arrears. At that time, the district court concluded, the district attorney had a duty to stop attempting enforcement and inform Washington that Nevada could not enforce the child support provisions because the
 
 *635
 
 obligor had a right to present his defenses before being required to pay arrears.
 

 The district court noted that the district attorney had conceded that Nevada lacked jurisdiction to adjudicate alleged arrears and that the district attorney claimed to have always maintained that Washington had continuing exclusive jurisdiction. However, the district court concluded that this claim was “belied” by the notice of hearing that the obligor received on August 20, 1997, which stated that the purpose of the hearing was to determine a payment on arrears. The district court ordered the district attorney to pay the obligor’s attorney’s fees and costs of approximately $3,300 incurred during the approximate eighteen months since the district court ruled that Washington had continuing exclusive jurisdiction. The order stated that NRCP 11 had been violated, but did not identify any specific documents in violation of NRCP 11 or which attorneys had signed the documents.
 

 Thereafter, the district attorney filed this petition for mandamus or prohibition, requesting that this court direct the district court to vacate its order of sanctions or refrain from enforcing the order.
 

 DISCUSSION
 

 I.
 
 Writ properly before the court
 

 This court may issue a writ of mandamus to enforce ‘ ‘the performance of an act which the law especially enjoins as a duty resulting from an office ... or to compel the admission of a party to the use and enjoyment of a right ... to which he is entitled and from which he is unlawfully precluded by such inferior tribunal.” NRS 34.160. “A writ of mandamus will issue to control a court’s arbitrary or capricious exercise of discretion.” Marshall v. District Court, 108 Nev. 459, 466, 836 P.2d 47, 52 (1992) (citing Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981)). This court has original jurisdiction to issue writs of mandamus.
 
 See
 
 Nev. Const. art. 6, § 4. We decline petitioner’s alternate request for a writ of prohibition because in this matter the district court did not act in excess of its jurisdiction.
 

 Petitioner district attorney, a non-party in the proceeding below, is without right to appeal and therefore is not an aggrieved party within the meaning of NRAP 3A(a).
 
 See
 
 Albany v. Areata Associates, 106 Nev. 688, 799 P.2d 566 (1990). Because petitioner cannot appeal the NRCP 11 order of sanctions, petitioner has “no plain, speedy and adequate remedy at law other than to petition this court,” and therefore writ relief is an available remedy. Wardleigh v. District Court, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995).
 

 
 *636
 
 II.
 
 Standard of review
 

 On direct appeal, an award of attorney’s fees under NRCP 11 is reviewed under the abuse of discretion standard. Bergmann v. Boyce, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993). However, because “[m]andamus will not lie to control discretionary action; unless discretion is manifestly abused or is exercised arbitrarily or capriciously,” we review this matter under a manifest abuse of discretion standard.
 
 Round Hill,
 
 97 Nev. at 603-04, 637 P.2d at 536. NRCP 11 provides, in relevant part, as follows:
 

 The signature of an attorney or party constitutes a certificate by that attorney or party that he or she has read the pleading, motion, or other paper; that to the best of his or her knowledge, information and belief, formed after reasonable inquiry under the circumstances obtaining at the time of signature, that it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney fee.
 

 We conclude that the district court based its ruling on an erroneous view of the law regarding enforcement of out-of-state child support orders, as outlined below, and therefore manifestly abused its discretion in imposing sanctions against the district attorney.
 

 III.
 
 Enforcement of an out-of-state child support order
 

 Petitioner asserts two main arguments: (1) the NRCP 11 order is legally insufficient to support a finding that NRCP 11 was violated; and (2) the district court manifestly abused its discretion in ruling that NRCP 11 had been violated, because the ruling was based on an erroneous view of the law.
 

 First, petitioner argues that the NRCP 11 order is legally deficient because: (1) it fails to identify what, if any, document was signed in violation of NRCP 11; and (2) it fails to identify which attorney or party signed such document. The obligor
 
 [1]
 
 responds by
 
 *637
 
 arguing that the NRCP 11 order did not need to identify which documents filed by the district attorney violated NRCP 11 because the “file is replete with such papers.”
 

 Second, petitioner argues that, even if the NRCP 11 order is valid despite its failure to identify which document signed by which attorney or party violated NRCP 11, the entire action to enforce the Washington decree was nevertheless well grounded in fact and warranted by existing law or good faith extension of existing law. Namely, the action was well grounded in fact because it was based upon the sworn affidavit of arrears from Washington OCSE. Further, the action was warranted by existing law because everything the district attorney did was in conformity with the mandates of NRS 130.015 and 42 U.S.C. § 666 and the provisions of NRS 125B.140(l)(a). NRS 130.015(1) provides as follows:
 

 If a support-enforcement agency of this state receives a request from a support-enforcement agency of another state to enforce a support order, the support-enforcement agency of this state shall respond to the request as required by 42 U.S.C. § 666. The request shall be deemed to constitute a certification by the support-enforcement agency of the other state:
 

 (a) Of the amount of support under the order for which payment is in arrears; and
 

 (b) That the agency has complied with all requirements for procedural due process applicable to the case.
 

 42 U.S.C. § 666(a)(9) provides, in pertinent part, that each state shall have:
 

 [procedures which require that any payment or installment of support under any child support order, whether ordered through the State judicial system or through the expedited processes required by paragraph (2), is (on or after the date it is due)—
 

 (A) a judgment by operation of law, with the full force, effect, and attributes of a judgment of the State, including the ability to be enforced,
 

 (B) entitled as a judgment to full faith and credit in such State and in any other State, and
 

 (C) not subject to retroactive modification by such State or by any other State.
 

 NRS 125B.140(1)(a)
 
 [2]
 
 provides as follows:
 

 
 *638
 
 If an order issued by a court provides for payment for the support of a child, that order is a judgment by operation of law on or after the date a payment is due. Such a judgment may not be retroactively modified or adjusted and may be enforced in the same manner as other judgments of this state.
 

 Thus, argues the district attorney, the entire proceeding was not only allowed by NRS 125B.140(l)(a), but mandated by NRS 130.015(1) and 42 U.S.C. § 666(a)(9). Pursuant to those statutes, the district attorney maintains that the action was a proper attempt to enforce, not to adjudicate, an out-of-state child support order. The response to Washington OCSE’s request and the reliance on the Washington certification of arrears was proper, pursuant to NRS 130.015(1). Enforcement of the Washington support order as a judgment was proper, the district attorney asserts, pursuant to NRS 125B.140(l)(a). In summary, the district attorney argues that the district court misinterpreted these statutes in making its NRCP 11 ruling, and therefore the ruling constitutes a manifest abuse of discretion.
 

 The obligor essentially argues what the district court stated in the order of sanctions, that the district attorney should not simply proceed to “blind enforcement” of all out-of-state requests to enforce a foreign support order, but rather should exercise discretion as mandated by NRS 130.507(2). NRS 130.507(2) provides that the district attorney, upon receiving from an out-of-state support-enforcement agency the necessary documents to enforce a foreign support order, “shall consider and,
 
 if appropriate,
 
 use any administrative procedure authorized by the law of this state to enforce a support order.” (Emphasis added.) The obligor argues that the “if appropriate” language refutes the district attorney’s claim that the statutes impose a mandate on the district attorney to enforce out-of-state support orders.
 
 [3]
 
 The obligor also argues that the support order has been at all times since the commencement of this action incapable of enforcement in Nevada because it had not been reduced to a sum certain by a court from Washington, the state with continuing exclusive jurisdiction to do so. The obligor further argues that the district attorney should have known the action was frivolous after reviewing the obligor’s facially valid defenses.
 

 
 *639
 
 We conclude that the district court, in imposing NRCP 11 sanctions, misapprehended the procedure outlined in state and federal law for the enforcement of out-of-state child support orders. The NRCP 11 order overlooked NRS 125B.140(l)(a), which provides that a child support order from a court of any state
 
 (see
 
 the definition of “court” in NRS 125B.004), is considered “a judgment by operation of law on or after the date a payment is due” and ‘ ‘may be enforced in the same manner as other judgments of this state.” Therefore, obligor’s argument that the arrears must be reduced to a sum certain judgment prior to enforcement lacks merit.
 

 We also note that the NRCP 11 order misconstrued the other statutes cited in petitioner’s argument. No statute supports the district court’s conclusion that the district attorney had a duty to discontinue the enforcement of the arrears once the district court ruled that Washington had continuing exclusive jurisdiction over the support order. Rather, NRS 130.015(1), 42 U.S.C. § 666(a)(9), and NRS 125B. 140(l)(a) specifically authorize the enforcement of arrears in Nevada, regardless of a support order’s state of origin.
 

 The NRCP 11 order referred to a notice of hearing sent to the obligor, saying that the notice “belied” the district attorney’s argument that it never intended to adjudicate the amount of arrears. The district court misapprehended the notice of hearing, because a hearing to determine a “payment on arrears” is merely enforcement of the arrears, not an indication of an adjudication of what the amount of arrears should be. Accordingly, we conclude that the notice did not belie, but supported, the district attorney’s claim to have never pursued an adjudication of the arrears.
 

 Because the district attorney properly relied on the affidavit of arrears from Washington OCSE, pursuant to NRS 130.015(1); properly responded to the enforcement request, pursuant to NRS 130.015(1) and 42 U.S.C. § 666(a)(9); and properly sought to enforce the Washington support order in Nevada, pursuant to NRS 125B.140(l)(a), we conclude that the district court relied on an erroneous view of the law in concluding that the district attorney acted in violation of NRCP 11. Because the district court erroneously interpreted the law governing the district attorney’s enforcement of the arrears, its NRCP 11 ruling is a manifest abuse of discretion. Accordingly, we direct the clerk of the court to issue a writ of mandamus directing the district court to vacate the
 
 *640
 
 NRCP 11 order entered on June 9, 1999.
 
 [4]
 

 See Marshall,
 
 108 Nev. at 466, 836 P.2d at 52 (stating that “[a] writ of mandamus will issue to control a court’s arbitrary or capricious exercise of discretion”).
 

 CONCLUSION
 

 Based on the foregoing, we grant the petition for a writ of mandamus and instruct the clerk of the court to issue a writ of mandamus directing the district court to vacate the NRCP 11 order entered on June 9, 1999.
 

 [1]
 

 For the discussion portion of this opinion, the “obligor” refers to real party in interest Albert McKeel (the “obligor” in this opinion’s fact portion)
 
 *637
 
 and to McKeePs counsel, David L. Bolnick, who is also a real party in interest.
 

 [2]
 

 NRS 125B.004 defines court as “the district court or any judicial or administrative procedure established in this
 
 or any other state
 
 to facilitate the
 
 *638
 
 collection of an obligation for the support of a child.” (Emphasis added.) Therefore, NRS 125B.140(l)(a) applies to the Washington child support order at issue here.
 

 [3]
 

 The obligor also argues that the district attorney has conceded that Nevada lacks subject matter jurisdiction to
 
 enforce
 
 the arrears. However, based on our review of the record, the district attorney merely conceded that Nevada has no jurisdiction to
 
 adjudicate the amount of arrears,
 
 while consistently maintaining that Nevada has authority to enforce the arrears.
 

 [4]
 

 Regarding petitioner’s argument that the NRCP 11 order is legally insufficient because it fails to identify the specific document or documents signed in violation of the rule, and fails to identify the specific attorney or attorneys who violated the rule, we need not decide the issue. Were the order remanded for clarification of these two points, the order would nevertheless constitute an abuse of discretion because of the erroneous view of the law upon which it was based.