An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TARAH L. HEYING-STAMPFLI,
                            Appellant,
              vs.
BRADLEY K. ROYLE,
                            Respondent.

No. 67508

**FILED**

JUL 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order imposing sanctions against appellant's counsel pursuant to NRCP 11. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

We previously entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that appellant was not aggrieved from the district court's order imposing sanctions and thus lacked standing to challenge it on appeal. Appellant has now filed a response wherein she concedes that she is not aggrieved by the imposition of sanctions against counsel, but contends that she is aggrieved because the challenged order implicitly decided that the underlying motion filed by counsel lacked merit.

The district court's order cannot be reasonably construed to deny the underlying motion because appellant's counsel withdrew the motion long before the district court entered its order imposing sanctions. Accordingly, we conclude that appellant is not aggrieved by the district court's order and does not have standing to appeal. *See* NRAP 3A(a); *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 874 P.2d 729 (1994).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-21820

Although appellant's counsel has not appealed from the district court's order, he asks that we overrule our longstanding precedent holding that a party's counsel is not a party with standing to appeal. *Office of Washoe Cnty. Dist. Attorney. v. Second Judicial Dist. Court*, 116 Nev. 629, 635, 5 P.3d 562, 566 (2000) (concluding that district attorney was not a party to order imposing NRCP 11 sanctions against him); *Albert D. Massi, Ltd. v. Bellmyre*, 111 Nev. 1520, 1520, 908 P.2d 705, 706 (1995); *A. W. Albany v. Arcata Associates, Inc.*, 106 Nev. 688, 799 P.2d 566 (1990). We decline to do so. Appellant's counsel's remedy is in the form of an original writ petition challenging the district court's order. *See Office of Washoe Cnty. Dist. Attny.*, 116 Nev. at 635, 5 P.3d at 566.

Accordingly, as we lack jurisdiction, we

ORDER this appeal DISMISSED.

_____, J.
Saitta

_____ J.          _____, J.
Gibbons                      Pickering

cc:  Hon. Frances Doherty, District Judge, Family Court Division
     Justice Law Center
     Luna Law Firm, PA
     Washoe District Court Clerk
     Tarah H. Heying-Stampfli