# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRETT O. WHIPPLE, ESQ., AN INDIVIDUAL; AND JUSTICE LAW CENTER, LLC, A NEVADA CORPORATION,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE FRANCES DOHERTY, DISTRICT JUDGE,
Respondents,
and
K. BETH LUNA, AN INDIVIDUAL; AND LUNA LAW FIRM, PA, A CORPORATION,
Real Parties in Interest.

No. 68668

FILED

OCT 27 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order imposing sanctions under NRCP 11.

Petitioner Brett Whipple contends that the district court's imposition of sanctions constituted a manifest abuse of discretion. He argues that he had reasonable grounds to request clarification of the ambiguous visitation schedule and he was merely acting as a zealous advocate. NRCP 11 allows the district court to impose monetary sanctions, including the payment of attorney fees, for presenting pleadings to the court containing factual allegations or denials that lack evidentiary support or are unlikely to have evidentiary support after further investigation. *See* NRCP 11(b)(3) and (4). In determining whether a claim is frivolous, the court must consider whether the pleading is well grounded

16-33758

in fact and warranted by the law and whether the attorney's inquiry was reasonable and competent. *Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993). NRCP 11 sanctions are within the district court's discretion. *See Bergmann*, 109 Nev. at 676, 856 P.2d at 564.

The district court found that the re-noticed motion filed by Whipple contained several factual assertions that were without evidentiary support, some related to the parties' parenting plan and the nature of the visitation schedule, and could have been corrected based on a review of the court file, to which Whipple had access before filing the motion. The district court found that Whipple failed to make a reasonable inquiry even after being advised of the misstatements by opposing counsel and needlessly increased the litigation costs. Having considered the parties' arguments and reviewed the record before this court, we conclude that Whipple has not met his burden of demonstrating that the district court manifestly abused or arbitrarily or capriciously exercised its discretion.[1] *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *Office of Washoe Cty. Dist. Attorney v. Second Judicial Dist. Court*, 116 Nev. 629, 636, 5 P.3d 562, 566 (2000). Accordingly, we decline to intervene in this matter, *see Smith v. Eighth Judicial District Court*, 107 Nev. 674, 677, 818 P.2d 849, 851

---

[1]Whipple also argues that the district court's order cited NRCP 11(b)(1), which provides that a motion should not be presented to cause unnecessary delay or increase the cost of litigation, but made no specific findings of improper motive or bad faith. Even assuming that no findings were made under that provision, we conclude that the district court's findings under NRCP 11(b)(3) and (4) support the sanctions imposed.

(1991) (providing that a petition for extraordinary writ relief is purely discretionary with this court), and we

ORDER the petition DENIED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons


cc:    Hon. Frances Doherty, District Judge, Family Court Division
       Justice Law Center
       Luna Law Firm, PA
       Grigg Law
       Washoe District Court Clerk