# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY O. GARMONG,
Appellant,
vs.
ROGNEY AND SONS
CONSTRUCTION; PETER ROGNEY;
GRAHAM ROGNEY; VALLEY DOOR
WORKS; CHARLES GRANT; KATHY
GRANT; AND MCFARLAND DOOR
MANUFACTURING COMPANY,
Respondents.

No. 68255



FILED

MAR 18 2016

## ORDER OF AFFIRMANCE

This is an appeal from district court orders awarding attorney fees, costs, and sanctions and from a final money judgment. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge.

Appellant challenges (1) awards of appellate attorney fees to all respondents; (2) awards of costs to Rogney and Sons Construction and Valley Door Works; and (3) orders imposing NRCP 11 sanctions, as requested by McFarland Door Manufacturing Company and Valley Door Works. We address these categories of arguments in turn.

*Appellate attorney fees*

Relying on NRCP 54(d)(2)(B), appellant contends that respondents were not entitled to appellate attorney fees because they did not file their motions requesting those fees within 20 days of when this court entered its judgment in Docket No. 60517. Having considered this argument, we conclude that this case does not require us to decide what timing requirements apply when a litigant seeks appellate attorney fees under the offer-of-judgment rule following a successful appeal. In particular, and as the district court recognized, respondents were not

required to re-file their motions requesting appellate attorney fees because respondents had already filed motions to that effect, and because it was the denial of those motions that this court reversed in respondents' cross-appeal in Docket No. 60517 with express instructions to the district court "to determine whether to award respondents appellate attorney fees." Thus, the district court reasonably construed respondents' new motions as simply supplementing their previously filed motions in order to establish the fees they incurred in successfully litigating Docket No. 60517. Accordingly, appellant's argument regarding NRCP 54(d)(2)(B) is irrelevant to the facts of this case.

Appellant next contends that respondents were not entitled to appellate attorney fees because their offers of judgment were less than a $34,000 repair estimate that appellant had obtained when the offers were made, which, according to appellant, made those offers "prohibited" under NRS 40.650(4) (2003).[1] As this court previously concluded in Docket No. 60517, this argument lacks merit. NRS 40.650(4) (2003) permits an offer of judgment to be made in a construction defect action if the offer "includes all damages to which the claimant is entitled pursuant to NRS 40.655." NRS 40.655(1) (2003), in turn, permits recovery of certain damages, including "[t]he reasonable cost of any repairs," but only "to the extent [that those damages are] proximately caused by a constructional defect." Here, because a jury determined that no construction defects existed,

---

[1] Appellant also contends that respondents' offers were invalid because they were ambiguous. Appellant has not identified anything in the record to suggest that he was unable to evaluate respondents' offers due to the purported ambiguities that he has now identified for the first time in his reply brief nearly eight years after he rejected those offers. Accordingly, this argument is meritless.

appellant was not entitled under NRS 40.655(1) (2003) to the $34,000 reflected in his repair estimate. The $34,000 repair estimate was therefore irrelevant in comparing respondents' offers to the result appellant obtained at trial. Accordingly, we affirm the district court's awards of attorney fees.

*Costs*

Appellant contests a $470 award of costs to Rogney and a $565 award of costs to Valley Door Works. With respect to Rogney, appellant contends that the award was improper because Rogney's request for costs was contained in its *motion* for attorney fees rather than in a separate *memorandum* of costs. While Rogney's request did not use the terminology provided in NRS 18.110, appellant does not argue that Rogney's motion failed to satisfy NRS 18.110's substantive requirements, nor does he argue that Rogney failed to adequately document its requested costs. Thus, we are not persuaded that the district court abused its discretion in awarding $470 in costs to Rogney.[2] *Vill. Builders 96, L.P. v. U.S. Labs., Inc.*, 121 Nev. 261, 276, 112 P.3d 1082, 1092 (2005).

With respect to Valley Door Works, appellant contends that the award was improper because Valley Door Works provided insufficient supporting documentation. Beyond this general assertion, however, appellant does not identify any particular component of the costs that he

---

[2]Appellant suggests that our rejection of his "form over substance" argument in this appeal would be inconsistent with our decision in Docket No. 60517 where this court purportedly adopted a similar rationale in rejecting one of his arguments. Appellant did not bring this purported inconsistency to the district court's attention when he opposed Rogney's request for costs, meaning that this issue has no bearing on whether the district court acted within its discretion in awarding costs to Rogney.

believes was inadequately documented, and our review of Valley Door Works' supporting documentation reveals a Client Expense Journal itemizing and describing every individual cost that it sought to recover, as well as an affidavit from counsel attesting that those costs were actually and necessarily incurred. Based on this documentation and appellant's lack of a particularized argument, we are not persuaded that the district court abused its discretion in awarding $565 in costs to Valley Door Works.[3] *Id.*

*NRCP 11 sanctions*

Appellant argues that the imposition of NRCP 11 sanctions should be reversed for four reasons: (1) his conduct did not warrant sanctions, (2) McFarland and Valley Door Works filed their motions "too late," (3) McFarland and Valley Door Works violated NRCP 11's "combination-of-motions" provision, and (4) McFarland filed its motion "too early." As explained below, we conclude that the district court acted within its discretion in imposing sanctions. *Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993).

With respect to appellant's first argument, we agree with the district court that appellant's attempt to recast his argument regarding the validity of the offers of judgment as one involving subject matter jurisdiction was improper. As the district court correctly observed, our conclusion in Docket No. 60517 that the offers of judgment were valid

---

[3]Appellant also contends that the awards of costs should be reversed because Rogney's and Valley Door Works' requests were untimely under NRS 18.110 and NRAP 39(c). We conclude that this argument lacks merit, as NRS 18.110 and NRAP 39(c) are inapplicable for the same reason that NRCP 54(d)(2)(B) was inapplicable to respondents' requests for attorney fees.

necessarily meant that the district court had subject matter jurisdiction to award appellate attorney fees and costs. Thus, the district court was within its discretion in determining that appellant opposed the attorney fee motions with the improper purposes of harassing respondents, causing unnecessary delay, and needlessly increasing litigation costs. NRCP 11(b)(1); *Bergmann*, 109 Nev. at 676, 856 P.2d at 564.

With respect to appellant's second and third arguments, he has not explained why the district court was not justified in imposing sanctions for his opposition to respondents' attorney fee motions, which, at the time respondents filed their NRCP 11 motions, had not been adjudicated. Nor has appellant cited to any authority that would support the proposition that each instance of misconduct must be identified in a separate NRCP 11 motion.[4] With respect to appellant's fourth argument, we agree with the district court's conclusion that appellant waived his right to rely on NRCP 11's safe-harbor provision by virtue of filing his opposition to McFarland's NRCP 11 motion before the safe-harbor period expired and refusing even thereafter to withdraw the motion.[5] *See Mahban v. MGM Grand Hotels, Inc.*, 100 Nev. 593, 596, 691 P.2d 421, 423 (1984) ("A waiver is the intentional relinquishment of a known right.").

---

[4]To the extent that appellant believes respondents' motions for sanctions were analogous to the situation addressed in *Harris v. Franklin-Williamson Human Services, Inc.*, 97 F. Supp. 2d 892 (S.D. Ill. 2000), any argument to that effect is insufficiently developed for us to meaningfully consider. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that it is an appellant's responsibility to present cogent arguments).

[5]We are not persuaded by appellant's argument regarding DCR 13(3).

Accordingly, we affirm the district court orders imposing NRCP 11 sanctions.

In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. John Schlegelmilch, District Judge
Carl M. Hebert
Georgeson Angaran, Chtd.
Kelly R. Chase
Law Offices of Mark Wray
Third District Court Clerk