# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT C. TOWNSEND, JR.,
Appellant,
vs.
ALLIED HOME MORTGAGE CAPITAL
CORPORATION; ABN AMRO
MORTGAGE GROUP, INC.; FEDERAL
HOME LOAN MORTGAGE
CORPORATION; CITIMORTGAGE,
INC.; AND NORTHWEST TRUSTEE
SERVICES, INC.,
Respondents.

No. 68214

FILED

APR 0 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a pro se appeal from a district court final judgment in a declaratory relief action. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge.

The district court granted respondents' summary judgment motions based upon issue preclusion, in that the overarching issue raised in appellant's complaint was whether respondent CitiMortgage had foreclosed on a valid security interest, which was an issue that had been decided in appellant's previous Foreclosure Mediation Program (FMP) case. On appeal, appellant contends that summary judgment was improper based upon certain denials in respondent Allied Home Mortgage Capital Corporation's answer to appellant's complaint. Having considered Allied's explanation regarding those purported denials, as well as the documents produced in appellant's FMP case and in the underlying matter, we conclude that summary judgment was proper, as Allied's purported denials do not create a question of material fact as to whether the elements for issue preclusion were satisfied. *Wood v. Safeway, Inc.,*

16-10296

121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (recognizing that summary judgment is appropriate only when "the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains" (internal quotation omitted)); *see Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (setting forth the elements for issue preclusion). In particular, the issue of whether CitiMortgage was entitled to enforce appellant's note and to foreclose was "actually and necessarily litigated" in appellant's FMP case. *Five Star*, 124 Nev. at 1055, 194 P.3d at 713. Accordingly, we affirm the district court's summary judgment orders.

Appellant next contends that the district court abused its discretion in imposing NRCP 11 sanctions against appellant for moving for a temporary restraining order (TRO) without informing the court of appellant's FMP case. *See Bergmann v. Boyce*, 109 Nev. 670, 676, 856 P.2d 560, 564 (1993) (reviewing an award of attorney fees under NRCP 11 for an abuse of discretion). In particular, appellant contends that his FMP case involved different issues from those that he raised in the underlying complaint and TRO motion. We disagree because, as discussed above, the overarching issue in appellant's FMP case and the underlying action was identical. Moreover, the three specific bases asserted for relief in appellant's TRO motion were inconsistent with the analysis in this court's disposition of appellant's FMP appeal.[1] Thus, the district court was

---

[1]Appellant argued in his TRO motion that CitiMortgage could not enforce appellant's note because Allied endorsed appellant's note to respondent ABN AMRO Mortgage. Appellant, however, did not inform the district court of the subsequent blank endorsement by ABN AMRO that was expressly discussed by this court in resolving appellant's FMP appeal. Appellant also argued in his TRO motion that CitiMortgage could not hold

*continued on next page...*

within its discretion in finding that appellant filed his complaint and TRO motion with the improper purpose of delaying the foreclosure sale. *Bergmann*, 109 Nev. at 676, 856 P.2d at 564. Accordingly, we affirm the district court's award of attorney fees as sanctions under NRCP 11.[2]

Appellant also contends that the district court erred in forfeiting appellant's $500 bond to respondents. We agree. Although NRCP 65(c) authorizes a district court to forfeit a bond to the extent that "damages [are] incurred or suffered by any party who is found to have been wrongfully enjoined or restrained," the record does not contain any evidence of damages suffered by respondents beyond the attorney fees they incurred, which were awarded to them by virtue of the NRCP 11 sanction. Accordingly, we reverse the district court's September 10, 2014,

---

*...continued*
the beneficial interest in his deed of trust because respondent Federal Home Loan Mortgage Corporation (Freddie Mac) claimed ownership of appellant's loan. Appellant, however, did not inform the district court of this court's conclusion in his FMP appeal that, regardless of which entity was ultimately entitled to receive appellant's loan payments, CitiMortgage possessed the documents entitling it to enforce appellant's note and to foreclose. Appellant further argued in his TRO motion that Allied could not have assigned the beneficial interest in his deed of trust in 2012 because it was no longer licensed to do business. Setting aside whether this is a legally accurate statement, appellant did not inform the district court in his TRO motion of this court's observation in his FMP appeal that CitiMortgage did not need to rely on the 2012 assignment to demonstrate that it held the beneficial interest in appellant's deed of trust.

[2]The district court was authorized to sua sponte order that appellant may be subject to sanctions. *See* NRCP 11(c)(1)(B). The district court likewise was authorized to impose sanctions without holding a hearing on the matter since it afforded appellant a written opportunity to show cause why sanctions were not warranted. *See id.*

order insofar as it directed appellant's bond to be forfeited, and we remand this matter to the district court for proceedings consistent with this order. All other aspects of this appeal are affirmed.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Jerome M. Polaha, District Judge
Robert C. Townsend, Jr.
RCO Legal, P.S.
Joseph E. Bleeker
Richard G. Hill, Ltd.
Akerman LLP/Las Vegas
Washoe District Court Clerk