# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALAN LEVIN,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
EGAN K. WALKER, DISTRICT JUDGE,
Respondents,
and
BABE MINES; MITCHELL FANNING;
DANNELL FANNING; JEREMY
JONES; TARGET MINERALS, INC.;
BRIGHT PARKS; ALAN DAY;
MINERAL EXPLORATION SERVICE,
INC.; LAKE MOUNTAIN MINING, LLC;
PARABORA, LLC; AND TERRA
GRANDE, LLC,
Real Parties in Interest.

No. 77252

FILED

OCT 23 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus. Petitioner Alan Levin seeks a writ of mandamus directing the district court to award him attorney fees under NRS 18.010(2)(b). This court granted his previous petition, in which he sought a writ of mandamus ordering the district court to vacate its order enforcing a settlement agreement. *Levin v. Second Judicial Dist. Court*, Docket Nos. 63941 & 63959 (Order Granting Petition for Writ of Mandamus (Docket No. 63941) and Affirming Appeal (Docket No. 63959), Sept. 11, 2017). Despite Levin's participation in settlement negotiations and status hearings, we reasoned that Levin was not a party

to the proceedings because he was never personally served, and thus that the district court lacked personal jurisdiction over him to enforce the agreement. The real parties in interest are largely the same in this petition: Alan R. Day; Mitchell W. Fanning; Dannell L. Fanning; Jeremy M. Jones; Lake Mountain Mining, LLC; Mineral Exploration Services, Inc.; Babe Mines; Parabora, LLC; Bright Parks; Target Minerals, Inc.; and Terra Grande, LLC (collectively, the Mining Defendants).

Levin thereafter moved the district court for attorney fees under NRS 18.010(2)(b), which provides that a court may award attorney fees to a prevailing party when it finds that a claim "was brought or maintained without reasonable ground or to harass the prevailing party." He argued that he was the prevailing party and that the Mining Defendants' actions were unreasonable or harassing in light of our order granting his petition. The district court denied his motion, finding that the Mining Defendants' actions were reasonable because of Levin's extensive and voluntary participation in the proceedings and the order enforcing the settlement agreement.

Levin again seeks a writ of mandamus. He argues that the district court abused its discretion by denying his motion. The Mining Defendants answer that the district court did not manifestly abuse its discretion, that Levin's motion was defective because he failed to attach billing records, and that he lacks standing under NRS 18.010(2)(b) because he did not prevail, is not a party, and even if he did prevail, he did not prevail on a claim.

This court may issue a writ of mandamus when the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. Because Levin was not a party in the district court, he cannot

appeal from the district court's order denying his motion for attorney fees, and thus lacks an adequate remedy at law. *Levin*, Docket Nos. 63941 & 63959 (Order Granting Petition for Writ of Mandamus (Docket No. 63941) and Affirming Appeal (Docket No. 63959), Sept. 11, 2017). This court may issue a writ of mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." NRS 34.160. Awarding attorney fees under NRS 18.010(2)(b), however, is discretionary. *Bergmann v. Boyce*, 109 Nev. 670, 674, 856 P.2d 560, 563 (1993), *superseded in part by statute*, NRS 18.005(17), *as recognized in In re DISH Network Derivative Litig.*, 133 Nev. 438, 451 n.6, 401 P.3d 1081, 1093 n.6 (2017). When a petitioner seeks to compel a discretionary act, as Levin does here, this court may not issue a writ of mandamus unless the district court manifestly abused or arbitrarily or capriciously exercised its discretion. *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "A manifest abuse of discretion is '[a] clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (alteration in original) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (1997)). "An arbitrary or capricious exercise of discretion is one 'founded on prejudice or preference rather than on reason,' or 'contrary to the evidence or established rules of law.'" *Id.* at 931-32, 267 P.3d at 780 (citations omitted) (quoting *Arbitrary & Capricious, Black's Law Dictionary* (9th ed. 2009)). The petitioner bears the burden of demonstrating that the district court so abused or exercised its discretion. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted.").

SUPREME COURT
OF
NEVADA

(O) 1947A

120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted.").

In its order denying Levin's motion for attorney fees, the district court acknowledged that it lacked personal jurisdiction over Levin because the Mining Defendants failed to serve him. Nonetheless, it found that the Mining Defendants' actions were reasonable in light of, first, Levin's participation and extensive involvement in the proceedings, and second, the district court's finding that the parties had an enforceable settlement agreement despite its lack of personal jurisdiction over Levin.

In his petition, Levin does not demonstrate that the district court's order warrants extraordinary relief. He does not show that the district court's interpretation of the law or application of law or rule was clearly erroneous. In fact, the district court agreed with Levin's argument that it lacked personal jurisdiction over him, but distinguished that issue from what was truly at issue when Levin moved for attorney fees—whether the Mining Defendants' actions were *nonetheless reasonable*. Levin essentially collapses both issues into one and simply insists that no action can be reasonable without personal jurisdiction. Because he does not prove that the district court's interpretation or application of reasonableness was clearly erroneous, however, he does not demonstrate that the district court manifestly abused its discretion. And because he does not prove that the district court's finding was founded on prejudice or preference, or contrary to the evidence or established rules of law, he does not demonstrate that the district court arbitrarily or capriciously exercised its discretion.

Levin thus fails to carry his burden to demonstrate that the

SUPREME COURT
OF
NEVADA

(O) 1947A

district court's order warrants extraordinary relief.[1]  Accordingly, we ORDER the petition DENIED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Cadish_____, J.
Cadish

cc:    Hon. Egan K. Walker, District Judge
Dickinson Wright PLLC
Alex Flangas Law
Molof & Vohl
Washoe District Court Clerk

---

[1]We need not address the Mining Defendants' arguments that Levin's motion was defective because he failed to attach billing records, and that he lacks standing under NRS 18.010(2)(b) as a nonparty. *See Miller v. Burk,* 124 Nev. 579, 588-89 & n.26, 188 P.3d 1112, 1118-19 & n.26 (2008) (explaining that this court need not address issues that are unnecessary to resolve the case at bar).